IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | |
| Phillip Pitts, ) | Case No.: 06-05264-BGC-13 |
| ) | |
| Debtor. ) | |
| | |
| Phillip Pitts, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | A. P. No.: 07-00036 |
| ) | |
| Cannon Cars, Inc., ) | |
| ) | |
| Defendant. ) | |

## Memorandum Opinion on
## Defendant's Motion for Summary Judgment

The matter before the Court is the defendant's Motion for Summary Judgment filed on May 17, 2007, Docket No. 6.

After notice, a status conference was held on March 4, 2009. Appearing were: A. Wilson Webb for the plaintiff-debtor and Jeffrey L. Ingram for the defendant.

The parties agreed that the Court could rule on the matter based on the pleadings and arguments.

### I. Issues

The threshold issue is whether the debtor's complaint under the Truth in Lending Act (TILA) or Alabama's Deceptive Trade Practices Act (DTPA) was barred by applicable statutes of limitations.

### A. TILA

Under TILA, with one exception, to avoid dismissal for failure to meet the applicable statute of limitations, a debtor must bring an "affirmative" action under TILA, "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The exception is, a debtor is not barred:

from asserting a violation of this subchapter in an action to collect the debt which was brought more than one year from the date of the occurrence of the violation as a matter of defense by recoupment or set-off in such action, except as otherwise provided by State law.

Id.

### B. DTPA

Under Section 8-14-19 of the Code of Alabama, an action under the Deceptive Trade Practices Act must also be brought within a one-year statute of limitations. Code of Ala. 1975 § 8-19-14.

### C. General

As discussed in this Court's February 6, 2009, Order, some of these issues were considered by the court in In re Sallings, 357 B.R. 646 (Bankr. N.D. Ala. 2007) and on appeal by the court in In re Sallings, Case No. CIV A 07-G-0503-NE, 2008 WL 4831636 (N.D. Ala. Oct 08, 2008). In that order this Court summarized Sallings. That summary is included below.

## II. Summary of Sallings

The facts in Sallings are very similar to those in the pending proceeding. The bankruptcy court in Sallings recited them as follows:

> **On October 16, 2004, the debtor executed a Retail Installment Sale Contract for the purchase of a 2004 Pontiac Grand Prix GT2 from Bentley Pontiac-Cadillac, Inc. ("Bentley Pontiac").** At the same time that she bought the car, the debtor purchased Guaranteed Automobile Protection ("GAP") insurance for an additional $255.00. Bentley Pontiac assigned the loan to GMAC simultaneously with the contract's execution.
>
> **On June 27, 2006, the debtor filed a petition for relief under Chapter 13 of the United States Bankruptcy Code**. The debtor listed GMAC as a creditor in her petition. **On July 6, 2006, GMAC filed a proof of claim in the amount of $14,799.73.** On August 31, 2006, the debtor filed amended schedules and an amended Chapter 13 plan to reflect the debtor's potential lawsuit against GMAC. In Schedule B. Personal Property, the debtor disclosed her potential lawsuit against GMAC as a contingent and unliquidated claim. In Schedule C. Property Claimed as Exempt, the debtor scheduled the potential lawsuit as exempt and listed the value of the claimed exemption as $0.00. The debtor's amended plan provided that any "non exempt proceeds from the potential lawsuit shall be paid over to the Chapter 13 Trustee for distribution to creditors."

2

> **On September 5, 2006, the Court entered an order confirming the debtor's Chapter 13 plan.** The confirmation order provides for the payment of GMAC's claim by monthly installments of $363.00 for 48 months or until the claim is paid in full. The order further provides for any nonexempt proceeds from the lawsuit to be paid to the debtor's Chapter 13 trustee for distribution to creditors.
>
> **On October 4, 2006, the debtor filed this action alleging that GMAC failed to make the proper disclosures regarding the debtor's GAP insurance policy as required under TILA. Debtor demands judgment against GMAC for statutory damages of twice the actual finance charge, capped at $1,000.00, and for compensatory damages of $255.00, plus interest at the contract rate, and costs and attorneys fees.**

Id. at 647 (emphasis added).

Based on the facts and its review of the law, the bankruptcy Court held:

> the Court finds that the debtor's claim is not "directed at or an answer to the underlying debt." The claim is not asserted defensively as recoupment, as a counterclaim, or as an objection to GMAC's proof of claim. The debtor is not asserting her claim for statutory and compensatory damages in response to GMAC's proof of claim, but as an affirmative independent cause of action on a time-barred truth in lending claim.

Id. at 650. The district court affirmed. Id.

### III. Findings of Fact

The debtor entered into a vehicle loan contract, which is the subject of the pending proceeding, on June 5, 2005.[1] The first installment on that loan was due on June 30, 2005. The debtor filed his Chapter 13 petition on December 29, 2006. The defendant Cannon Cars, Inc. filed Claim No. 2 in this case on January 10, 2007. The debtor filed the pending adversary proceeding on February 28, 2007. His proposed Chapter 13 plan was confirmed on March 14, 2007.

The debtor's prayers for relief read:

---

[1] The complaint alleges that the debtor entered into a "consumer credit transactiion on June 5, 2005." Id. The debtor signed the "Bill of Sale" on June 9, 2005. Exhibit B to the complaint. Id.

3

Count One (TILA)

WHEREFORE, PREMISES CONSIDERED, Pitts demands judgment for compensatory and statutory damages pursuant to 15 U.S.C. § 1640(a)(3) and 15 U.S.C. § 1650(a)(1) of twice the actual finance charge, capped at $1,000.00, for compensatory damages of $55.00 plus interest at the contract rate, and costs and attorneys fees.

Count Two (Alabama Deceptive Trade Practices Act)

WHEREFORE, premises considered, Pitts demands judgment against Cannon for the following relief: actual damages of $55.00, trebled as provided in §8-19-10(A)(2), and costs of court including reasonable attorney fees.

<u>Adversary Complaint</u> at 2 and 3, A.P. No. 07-00036.  Proceeding No. 1.

### IV.  Contentions

### A.  The Debtor

The debtor contends first that <u>Sallings</u> does not apply because when both the bankruptcy court and the district court relied on the Court of Appeals for the Eleventh Circuit opinion in <u>Smith v. Am.Fin.Syss., Inc. (In re Smith)</u>, 737 F.2d 1549 (11th Cir. 1984), neither court considered the underlying facts in <u>Smith</u>, and if either had, it would have determined that <u>Smith</u> was not applicable.  The debtors also argue that <u>Smith</u>, and the case on which it relied, <u>Bull v. United States</u>, 295 U.S. 247 (1935) are no longer good law.  The debtors would rather have this Court rely on <u>Coxson v. Commonwealth Mortgage Co. (In re Coxson)</u>, 43 F.3d 189 (5th Cir.1995) rather than <u>Sallings</u>, and the cases it cites.

In addition, in regard to the TILA count, the debtor contends that even if <u>Sallings</u> applies, that the exception quoted above applies.  The debtor contends that the complaint brought more than one year from the date of the occurrence of the violation was in the nature of a defense by recoupment, set-off, or counterclaim and as such, the one-year statute of limitations does not apply.

In regard to the DTPA count, the debtor contends that the DTPA limitation applies only to actions, not counterclaims, of which this complaint is one.

### B.  The Defendant

The defendant argues that the complaint should be dismissed because it was filed outside of the one-year statute of limitations in both the TILA and the DTPA, and that no exception applies to either.

4

## V. Conclusions of Law

### A. The Complaint is Time-barred

#### 1. TILA

Based on the facts in this proceeding and the discussions and holdings in the two <u>Sallings</u> opinions, the Court finds that the complaint in this proceeding is, like the one in <u>Sallings</u>, an affirmative attempt to recover damages. The action is not defensive. The action is not for recoupment or set-off and is not a counterclaim.[2] Because the action was filed outside of the one-year statute of limitations, it is barred. The exception quoted above does not apply.

#### 2. DTPA

The complaint is also barred by the one-year statute of limitations in Alabama's Deceptive Trade Practices Act. The complaint was filed more than a year after the act complained of was discovered, or should have been discovered. As this Court finds that the complaint was not a counterclaim, that exception, as argued by the debtor under the DTPA, also does not apply.

### B. The Motion for Summary Judgment is due to be Granted

Under Rule 56(c) of the Federal Rules of Civil Procedure, applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure, a moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The framework in this Circuit for determining whether there is a genuine issue of material fact which would preclude summary judgment is outlined in the decision of the Court of Appeals for the Eleventh Circuit Court in <u>Fitzpatrick v. City of Atlanta</u>, 2 F.3d 1112 (11th Cir.1993). This Court has followed that framework in this proceeding.

Because the pending complaint is barred by the statutes of limitations, there is no genuine issue of fact which would preclude summary judgment, and the defendant is entitled to judgment as a matter of law.

---

[2] See <u>In re Johnson</u>, Case No. 08-40071, 2008 WL 5120114 (Bankr. N.D. Ala. Dec. 03, 2008); See also <u>Williams v. Countrywide Home Loans, Inc.</u>, 504 F.Supp.2d 176 (S.D. Tex. 2007) for an excellent discussion of recoupment. That court discusses <u>Bull v. U.S.</u>, 295 U.S. 247, 262 (1935); <u>In re Smith</u>, 737 F.2d 1549 (11th Cir.1984); <u>Matter of Coxson</u>, 43 F.3d 189 (5th Cir.1995); and <u>In re Sallings</u>, 357 B.R. 646 (Bankr. N.D. Ala.2007).

A separate order will be entered in conformity with this memorandum opinion.

Dated: June 18, 2009                    /s/Benjamin Cohen
                                        BENJAMIN COHEN
                                        United States Bankruptcy Judge

BC:pb

6